IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ERIC WEEDON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-14-1963 |
| | : | |
| JOHN WETZEL, ET AL., | : | (Judge Conaboy) |
| | : | |
| Defendants | : | |

_____

### **MEMORANDUM**
### **Background**

    Eric Weedon (Plaintiff), an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint raises claims pertaining to his prior confinement at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.).  Defendants responded to the Complaint by filing a motion for summary judgment.  See Doc. 65.

    On October 27, 2016, Plaintiff filed a "Motion to Withdraw and Dismiss the Complaint."  Doc. 69, p. 1.  The submission which is signed by Weedom states that he "asks this Court to allow me to withdraw my complaint and dismiss my complaint against all of the defendants."  Id.

1

Plaintiff's motion will be construed as seeking voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).[1] Since the Defendants have already filed a motion for summary judgment, Plaintiff is not entitled to voluntary dismissal under Rule 41(a)(1).  However, Rule 41(a)(2) permits a court to grant a plaintiff's request for voluntary dismissal "only by court order, on terms that the court considers proper."

Whether to grant or deny a party's motion for voluntary dismissal, however, lies entirely within the sound discretion of the court.  Eighteen Various Firearms, 148 F.R.D. at 531; Citizens Savs. Ass'n v. Franciscus, 120 F.R.D. 22, 24 (M.D. Pa. 1988). Motions to voluntarily dismiss an action "should be allowed unless a defendant will suffer some prejudice other than the mere prospect of a second lawsuit."  Id.; Shulley v. Mileur, 115 F.R.D. 50, 51 (M.D. Pa. 1987) (citing John Evans Sons, Inc. v. Majik Ironers, Inc., 95 F.R.D. 186 190 (E.D. Pa. 1982)).

In the instant case, there is no indication that the Defendants will suffer any harm other than the possibility of

---

1.   Federal Rule of Civil Procedure 41(a)(2) provides:

> (2) **By Order of Court; Effect** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on such terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

having to address a future, similar lawsuit filed by the Plaintiff. The Court will grant Plaintiff's motion and his claims will be dismissed without prejudice.  However, Plaintiff is forewarned that renewal of his claims is subject to the applicable statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985).   An appropriate Order will enter.



                                        S/Richard P. Conaboy_____
                                        RICHARD P. CONABOY
                                        United States District Judge


DATED: NOVEMBER 3, 2016